Nott, J.,
concurring:
The petition in this case should be dismissed, I think, for the following reasons:
First. Two constructions may be given to the contract. By *175 the one the claimants would be entitled to recover only the balance of the price of the vessel which they themselves agreed, on the election of the defendants, to take; by the other, they would be entitled to recover from the defendants for the capture or destruction of their vessel by the public enemy in time of war, $60,000, though there might be due from the defendants for her purchase and sale, under the accruing clauses of the charter-party, but a single dollar. Such a construction would inure too much to the benefit of the public enemy, and should be held to be against public policy. As between private parties, I doubt whether courts of admiralty would uphold a maritime contract so fraught with reward for bad faith and treasonable collusion; as between these claimants and defendants, I feel assured that no inferior agent of the government was ever authorized, or supposed to be authorized, to bind the government to an agreement so adverse to its own interests and so prejudicial to the vigorous prosecution of the war.
Second. The contract embraces two distinct agreements : the one a charter-party; the other a policy of insurance. The primary valuation of the vessel, $50,000, is not named, as was argued, in the assurance clause; but is named in a distinct part of the instrument for a distinct purpose, and is immediately modified by what are called “the«accruing clauses” of the charter-party. The value of the vessel, as agreed thereby, was $50,000, only at the moment of entering the service, and diminished ever after. A “valued policy of insurance” assumes that a vessel will remain of the same value during the voyage, and looks toward no diminution. This contract assumed that the value of the vessel, as between the parties, would steadily decrease until at length the owner’s interest in her would become nothing. Therefore the insurance clause could not have been intended as a “ valued policy,” but simply as assurance against actual loss arising from war risks. This actual loss must be measured by the price which the claimants, under their agreement of sale, were entitled to receive at the time of the disaster.
Milligan, J., agreed with the opinion read by the Chief Justice.
Pecic, J., dissented.